IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

WILLIAM JASON SMITH, LUIS )
SALAMAN, ANTHONY BROWN, )
JAMES PFARNER, and SAMMY )
JACKSON, )
 )
      Plaintiffs, )
 )
v. ) CV 107-039
 )
COLUMBIA COUNTY DETENTION )
CENTER and SGT. FNU WILLIAMS, )
Caucasian Lady on 1st Shift, )
 )
      Defendants. )

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff William Jason Smith, an inmate at the Columbia County Detention Center in Appling, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff Smith also lists Luis Salaman, Anthony Brown, James Pfarner, and Sammy Jackson as a co-plaintiffs. (Doc. no. 1, pp. 1, 5). However, Salaman, Brown, Pfarner, and Jackson, who are also inmates at Columbia County Detention Center (see doc. no. 1, p. 5), did not sign the complaint or Plaintiff's motion to proceed *in forma pauperis* ("IFP"), nor have they paid the $350.00 filing fee.

## I. DISCUSSION

The Eleventh Circuit Court of Appeals has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001). In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)). After interpreting the PLRA, the Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. The Eleventh Circuit concluded that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). Allowing multiple prisoners to bring their complaints in a single lawsuit would circumvent the Congressional purpose in promulgating the PLRA. Id. at 1197-98. That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)). In the end, the Eleventh Circuit determined that "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id. Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.

Here, Smith, Salaman, Brown, Pfarner, and Jackson are in a position similar to the plaintiffs in Hubbard. Allowing them to proceed IFP together in this action would presumably permit them to divide the cost of the filing fee between themselves. This would

2

defy the Eleventh Circuit's conclusion that "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)). In other words, Smith, Salaman, Brown, Pfarner, and Jackson, as incarcerated litigants desiring to proceed IFP, must abide by the parameters of the PLRA. To honor Congress' intent in enacting the PLRA to taper prisoner litigation, these Plaintiffs must be forced to think twice about the merits of this action before they can proceed IFP by being solely responsible for their own filing fees. They are not allowed to proceed IFP with co-plaintiffs who may shoulder some of the filing fee. Simply put, any attempt by Smith, Salaman, Brown, Pfarner, and Jackson to proceed IFP as co-plaintiffs in a single action violates the requirement of the PLRA that each prisoner pay the full filing fee.

In addition, Salaman, Brown, Pfarner, and Jackson did not sign the complaint or Plaintiff Smith's motion to proceed IFP. All pleadings and motions presented for filing must be signed. Loc. R. 11.1 Furthermore, in addition to lacking their signatures, the complaint also contains *no* facts concerning Salaman, Brown, Pfarner, and Jackson. In short, there is no indication that Salaman, Brown, Pfarner, and Jackson are proper parties to this litigation, or that they even desire to participate in this case.

## II. CONCLUSION

As Salaman, Brown, Pfarner, and Jackson have not sought leave to proceed IFP, paid the full $350.00 filing fee, or even signed the complaint, pursuant to Hubbard this Court

**REPORTS** and **RECOMMENDS** that Salaman, Brown, Pfarner, and Jackson be **DISMISSED** from this action.[1,2]

SO REPORTED and RECOMMENDED this 13th day of April, 2007, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] In a simultaneously issued Order, the Court has granted Plaintiff Smith's motion to proceed IFP.

[2] If Salaman, Brown, Pfarner, and Jackson wish to file their own separate complaints and motions to proceed IFP, they may of course do so, subject to the provisions of the PLRA.